## TAYLOR *v.* WALKER

### Opinion delivered February 26, 1917.

LEASES—WIRE FENCE—ERECTED BY LESSEE—RIGHT TO REMOVE AT
EXPIRATION OF TERM.—The lessee of premises was allowed a sum of
$100 per annum to be expended in necessary repairs. The lessee
purchased and used some wire to reinforce a fence about the cow and
hog lot, which he sought to remove at the expiration of the term.
*Held,* it was a question for the jury whether the wire was used in
permanent repairs which the lessee was obliged to make, and which
was included in the $100 allowance made by the lessor.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; reversed.

*Walter Gorman* and *C. W. Norton,* for appellant.

1. There are two meritorious grounds of defense
to this suit. (1) Plaintiff and George Walker were
partners, at least in the operation of the farm under the
lease, if not in the ownership of the lease; that the
wire was put on the old fence and was merely a repair
thereof, and was compensated for by the reduction of
$100.00 from the rental and the title to the repairs
passed to the landlord. (2) The wire became a fixture,
part of the realty, and replevin would not lie. The first
is a question of fact, the second of law.

2. As to fixtures the law is well settled. 53 Ark.
526; 14 S. W. 899; 66 Ark. 87; 93 *Id.* 77. A license
by a tenant is not effectual to preserve the chattel
character of an improvement where it is a fixture.
93 Ark. 77; 66 *Id.* 87; 56 *Id.* 55.

3. Plaintiff surrendered possession without re-
moval of the wire before the lease terminated. 64
Fed. 939; 9 S. E. 366.

*Mann, Bussey & Mann,* for appellee.

1. None of the cases cited for appellant are in
point. They all involve buildings except one and that
a heating plant. The wire was not a fixture and not so
intended. 19 Cyc. 1037. It was only a temporary
trade fixture. 53 Ark. 526; 19 Cyc. 1067; Tiffany
Landl. & Ten., § 248. It was a mere chattel. 33 Ark.
633.

2. Plaintiff had the right of removal within a reasonable time; it had already been taken down and stored on the premises. The presumption of abandonment does not apply. 19 Cyc. 1071, 1067. The intention of the parties is the true criterion. Appellee did not intend the wire should be a fixture. 19 Cyc. 1037.

SMITH, J. Appellant was the owner of a plantation known as the Linden Place, which she leased to the J. W. Beck Company for a term of years. This company sublet the place to one George Walker, who cultivated the land in partnership with his brother, Charles Walker, who is the appellee here and was the plaintiff in the court below. The Walkers were partners in the operation of the farm, but not in the ownership of the lease. George Walker testified that he gave Charles Walker permission to fence up a pasture or hog lot, and that Charles Walker bought the wire which forms the subject matter of this litigation and placed it around the pasture. Before the expiration of the lease Charles Walker took down the wire from the posts to which it had been attached and rolled it up and placed it in one of the buildings on the place. After the expiration of the lease he sought to remove the wire from the house where he had stored it and, permission being refused him so to do, he brought replevin to recover it.

The lease was executed in consideration of the payment of the annual rental of $2,700.00, with a proviso that improvements and repairs might be made by the tenant in any sum not exceeding $100.00, and George Walker testified that the value of the repairs made by him always exceeded that amount.

Appellant testified that, at the time Walker took possession of the place, there was a fence around the pasture where appellee placed his wire. That she saw the pasture fence after the wire had been put on it by appellee and that it was in the same location as the old one surrounding the pasture, used for the same purpose, and that she neither gave permission for it to be placed there nor for its subsequent removal.

The court instructed the jury to return a verdict in favor of appellee, which was accordingly done, and this appeal has been prosecuted to reverse that action.

Appellee defends the action of the court in directing a verdict in his favor upon the ground that the record presents no disputed question of fact. It is urged that the tenant built the fence to promote his more convenient use of the premises and that such improvements are removable, as are mere trade fixtures. This is the law in relation to improvements of that character. But the proof on appellant's part, as has been stated, was to the effect that the fence in question was one of the permanent fences which the tenant under the lease was in duty bound to maintain in repair, and that any repairs thereof would have been, and were, compensated by the annual allowance of $100.00 for that purpose. This question should have been submitted to the jury, and for the error in failing so to do the judgment will be reversed and the cause remanded.